## SHORT v. CIVIL TOWNSHIP OF WHITE LAKE.

Sections 790–796, Comp. Laws, constituting the town supervisors an auditing board, and prescribing how accounts payable by the town may be presented, audited and allowed, do not make the presentation of claims against the town to such board, for audit, a condition precedent to the bringing of action thereon.

(Syllabus by the Court.    Opinion filed Dec. 28, 1895.)

Appeal from circuit court, Brule county.    Hon. D. HANEY, Judge. ·

Action on contract.  . From a judgment for defendant plaintiff appeals.    Reversed.

The facts are stated in the opinion.

*Morrow & Wright,* for appellant.

Wherever the law specifically defines the power of public officers such specification is restrictive and exclusive.    Farmers v. School, 6 Dak. 259; Jewell v. State, 56 N. W. 113, 4 S. D. 213.    A cause of action, based upon a contractual amount that is fixed both as to the amount per day and the number of days worked is assignable.    Comp. Laws, Secs. 2876, 2877 and 4870; Sykes v. First National Bank, 2 S. D. 242.

*S. H. Bakewell* and *A. H. Henneous,* for respondent.

An account, claim or demand as used in our statute, applies only to those arising upon contract.    Bradley v. Eau Claire, 14 N. W. 10; Kelley v. City, 43 Wis. 638; Hollingsworth v. Saunders, 54 N. W. 79.    All accounts, claims or demands against a town must be presented to the town board for auditing.    Dixon v. Barnes, 13 N. W. 623; Brown v. Otoe Co., 6 Neb. 111; Clark v. Buffalo, *Id.* 454; Frazer v. Alexander, 16 P. 757.    The presenting of the claim to the proper board and its disallowance are conditions precedent to the right to commence and maintain an action thereon.    City v. Grant, 55 N. W. 995; City v. Teukle, 59 *Id.* 915; Reming v. City, 6 N. E. 792; Benwore v. Town, 10 N. W. 695; Fenton v. Salt Lake, 11 P. 611; Greenleaf v. Norsedywich, 19 Atl. 91; Koch v. City, 53 N. W. 674.

The town can exercise only those powers enumerated and given in express words, or necessary and indispensable to the exercise of those powers.    Dillon, Const., Secs. 89, 457, 953; Cooley Const. Lim , 192; Clark v. Des Moines, 19 Ia. 200; Fredway v. Schumaker, 1 Dak. 227; Com. v. Railroad, 27 Pa. St. 339; Haeshman v. Knox, 122 U. S. 306; Thomas v. Railroad, 101 *Id.* 101; McPherson v. Foster, 43 Ia. 48; Tattman v. San Francisco, 20 Cal. 96; Hirzo v. San Francisco, 33 *Id.* 130; Terre Haute, v. Lake, 48 Ind. 480; Head v. Ins. Co., 2 Cranch. 126.

Kellam, J.   The complaint in this action undertakes to state two separate causes of action on contract, for the payment of money.   The trial court sustained a general demurrer to the complaint, and from its order this appeal is taken.   We do not critically examine these  separate causes of action, as the ruling of the court seems to have been based upon the failure of the complaint to  state that the claims, or either of them, had been, before action, presented to the township board for allowance or rejection, though, as to the second claim, it is alleged that payment thereof "had been often demanded." The question, then, is, was the presentation of these claims to the board of supervisors a  condition  precedent to the bringing of action upon them?   In the absence of legislative restriction, a municipal corporation with power to make the contract is liable upon it "in the same manner and to the same extent as private corporations or natural persons."   Dill. Mun. Corp., Sec. 935.   It is claimed by respondent, and such was evidently the view of the trial court, that our statutes providing with particularity for the presentation of claims to the town board for audit and payment indicate the intention of the legislature that an attempt should thus be made to adjust a claim against a town before it could be made the subject of an action.   It seems to us that this contention makes these provisions mean much more than their language justifies or would ordinarily import. It was and is important and necessary, in the interest of all concerned, that provision be made for the 'allowance and payment of claims against towns, as against other bodies corporate and municipal corporations, and, to this end, that it be indicated to whom and how such claims should be presented, for the purpose of audit and payment, if allowed; and this is just the ground covered by Secs. 790–796, Comp. Laws.   The town is just as much the debtor of the claimant before presentation of the claim as after.   These provisions only prescribe a way in which claims may be presented, adjusted and paid, easy and inexpensive to both parties; and, however desirable it may be

to establish the rule that the town cannot be sued upon a claim until it has been first so presented to the board and allowance refused, the making of such a rule clearly belongs to the legislature, and not to the courts. Without these or similar provisions the board would have no authority to allow and provide for the payment of any claim against the town, however clear and evidently right it might be. We do not feel justified in holding that these provisions, directing how a claim against a town may be presented, audited and paid, constitute of themselves a prohibition against the claimant's asserting his right in any other way. Sec. 804, Comp. Laws, provides that "whenever any * * * cause of action exists between * * * a town and an individual, * * * such proceeding shall be had either at law or in equity, for the purpose of trying and settling such controversy, and the same shall be conducted in the same manner, and the judgment or decree therein shall have the like effect, as in other actions or proceedings of a similar kind between individuals and corporations." It would, of course, be competent for the legislature to suspend the claimant's right to bring suit until he had first presented his claim to the auditing board, but this ought not to be inferred from the simple fact that it has provided generally that claims may be thus presented and audited. We feel confirmed in this view by the fact that every case cited by respondent to sustain the rule that presentation to and action by the auditing board is a condition precedent to the right to sue comes from a state having a statute so providing. These states have provisions similar to ours for the presentation and auditing of claims, but they evidently did not understand that these provisions had the effect claimed for them by the respondent, else there would have been no occasion for a further statute so expressly providing. The force of this thought is emphasized by the fact that such further provision, restraining action until after the claim has been presented to the auditing board, is not exceptional or only occasional, but seems to be very general and is found in nearly

all the statutes we have examined.  It has evidently been re-
garded as a statutory rule, not resulting, however, from a
proper construction of the statutes creating auditing boards,
but one requiring for its establishment a further affirmative ex-
pression of the legislative intent.  The understanding of our
own legislature as to the restraining effect of similar provis-
ions, making the board of commissioners an auditing board for
the county, is indicated by the passage of Chap. 63 of the laws
of 1895, which provides that "no suit shall be instituted against
any county of this state to enforce the collection of a claim
against said county, unless said claim has been duly presented
to and acted upon by the board of commissioners of such
county."  The emergency clause declares that there is now "no
law in force in this state upon this subject."  This was also the
view of the North Dakota supreme court, for in Barrett v.
Stutsman Co., 59 N. W. 964, that court, by BARTHOLOMEW, J.,
said: "It is convenient to present claims against the county to
the board for allowance, but it is not a condition precedent to
the right to bring suit on the claim."

        We are of the opinion that there is nothing in our statute
making the town supervisors an auditing board, and directing
how it shall proceed in the allowance or disallowance of claims,
which, fairly construed, abridges the general right of a claim-
ant to go directly to the court for the ajudication of his claim,
if he so desire.  While we are inclined to think that a restrain-
ing rule would be a desirable addition to our Code, we believe
it should be put there, as it has in nearly all the states, as the
act of the legislature, and not as a mere judicial graft which
the judges think might improve the law.  From the briefs of
counsel it is apparent that the complaint was attacked because
not alleging presentation to the board before action was
brought.  In sustaining the demurrer on this ground we think
the trial court was wrong.  Its order is reversed, and the case
remanded for further proceedings according to law.  All con-
cur.