## MORGAN V. STATE.

1. Comp. Laws, § 425, provides that the civil and criminal jurisdiction of justices of the peace in a judicial subdivision containing one or more unorganized counties shall extend over all such unorganized counties, and that the expenses of all criminal prosecutions arising in such unorganized counties shall be audited and paid out of the state treasury, when the same is certified and allowed in the manner prescribed therein. *Held,* that such statute applies to unorganized counties which were a part of the Great Sioux Indian reservation at the time the statute was enacted.

2. Laws 1891, Chap. 15, requires the county assessor of Brule county to assess for state and judicial purposes the property in the unorganized counties of Lyman and Presho, which were attached to Brule county for judicial purposes. Chap. 16, amending Chap. 15, provides that the compensation of the assessor for making the assessment in the unorganized counties "shall be paid by the state treasurer from the taxes collected on such assessment." *Held,* that the fund for state and judicial purposes, collected in such unorganized counties, is required to be paid into the state treasury, and becomes a state fund for the payment of the expenses of criminal prosecutions arising in such counties.

3. By Laws 1893, Chap. 49, Lyman county was attached to Brule county for judicial purposes January 26, 1893. Laws 1891, Chap. 15, as amended by Chap. 16, requires the assessor to assess the property in Lyman county and other unorganized counties, for state and judicial purposes, and makes the state liable for the expenses of criminal prosecutions arising in such unorganized counties. *Held,* in an action against the state for fees earned in criminal cases arising in Lyman county, that the petition must show that the fees were earned after January 26, 1893.

(Opinion filed Oct. 10, 1896.)

Original action in the supreme court to recover certain fees of justices of the peace, sheriff, clerk and witnesses, in certain criminal cases tried in Brule county, and assigned by such officers and witnesses to plaintiff. Defendant demurs to the complaint. Demurrer overruled.

The facts are stated in the opinion.

*S. H. Wright*, for plaintiff.

*Coe I. Crawford*, Attorney General, for the state.

CORSON, P. J. This is an original action, commenced in this court under the provision of Chap. 1, Laws 1890, and now comes before this court on demurrer to the complaint. The grounds of the demurrer are that the complaint does not state facts sufficient to constitute a cause of action; that several causes of action are improperly united; and that the court has not jurisdiction of the case. The complaint alleges, in substance, that Lyman and Presho counties were, between December 1, 1892, and April 25, 1893, unorganized, and were attached to Brule county for judicial purposes; that between said dates there were several criminal cases that arose in those unorganized counties, tried before justices of the peace in Brule county and that the justices', sheriffs', clerks' and witnesses' fees in said cases, which could not be collected from the defendants therein, amounted to the sum of $239.35; that these fees were duly certified to and adjusted and allowed by the judge of the circuit court in and for Brule county; and that the same were duly presented to the state auditor, and that he refused to audit and allow the same. It is further alleged that the said justices', clerks of the courts', and witnesses' fees in said cases were duly assigned to the plaintiff, who was the sheriff of said Brule county, and who served the warrants and subpœnas in said actions. No itemized account is given further than the gross fees of the various officers and witnesses in each case. Sec. 425, Comp. Laws, provides that civil and criminal jurisdiction of justices of the peace in any judicial subdivision containing

one or more unorganized counties shall extend over all such unorganized counties. It further provides that the expenses of all criminal prosecutions arising in such unorganized counties shall be audited and paid out of the territorial (state) treasury, when the same is certified and allowed in the manner prescribed in that section.

The attorney general, in support of his demurrer, contends that Section 425 does not apply to those two counties, for the reason that those counties, when the law was enacted, were a part of the Great Sioux Indian reservation. This contention is not tenable, as those counties, when they ceased to constitute a part of the reservation, came within the purview of the general laws then in force in the state, and were thereafter governed by the same law as the other unorganized counties of the state. It is further contended by the learned attorney general that by Chap. 15, Laws 1891, the county assessor of Brule county was required to assess the property in these unorganized counties for state and judicial purposes (the word "judicial being inserted by that act), and therefor a fund was provided in that county for the payment of· the judicial expenses incurred in criminal prosecutions arising in those counties. The learned counsel for the plaintiff contends that the fund for state and judicial purposes, so collected, is required to be paid into the state treasury, and becomes a state fund for the payment of these expenses. Plaintiff's contention seems to find support in the amendment made by Chap. 16, Laws 1891, which provides that the compensation of the assessor for making the assessment in the unorganized counties "shall be paid by the state treasurer from the taxes collected on such assessment." This would seem to contemplate that all taxes collected in the unorganized counties should be paid into the state treasury, whether collected for state or judicial purposes, and become trust funds for the payment of the judicial expenses incident to such unorganized counties. Lyman and Presho counties were included as a part of the Fourth judicial circuit

by Section 16 of Article 5 of the state constitution, and Presho county was attached to Brule county for judicial purposes in 1889, but Lyman county does not seem to have been attached to Brule county for judicial purposes until January 26, 1893. Laws 1893, Chap. 49. They were both attached to Brule county for the levy and collection of taxes in 1890. Laws 1890, Chap. 65. It would seem to follow, from the various acts and constitutional provisions, that the judicial officers of Brule county had no jurisdiction over Lyman county until January 26, 1893. It does not affirmatively appear from the complaint that any of the fees for which this action is brought were earned after January 26, 1893, and hence the complaint fails to state facts sufficient to constitute a cause of action as to the fees for cases arising in Lyman county. While Lyman county has, since the adoption of the state constitution, in 1889, constituted a part of the Fourth judicial circuit, it did not constitute a part of a "judicial subdivision," within the meaning of that term as used in Sec. 425, until that county was attached to Brule county for judicial purposes. It affirmatively appears, however, from the complaint, that a part of the fees claimed in this action accrued from a criminal case arising in Presho county; and hence there is a cause of action stated in the complaint so far as that county is involved, and the demurrer on the ground that the complaint does not state a cause of action must therefore be overruled.

The second ground of demurrer is not well taken. There is no uniting of improper causes of action in the same complaint, but several causes of action are not stated separately, as they should have been. Demurrer, however, does not reach this defect in the complaint. The reasons why this court has not jurisdiction of the subject-matter of the action, which is stated as the third ground of demurrer, is not stated by the learned attorney general. Chapter 1, Laws 1890, seems to confer jurisdiction upon this court over all actions against the state in which the claim of the plaintiff has not been audited and allowed by the state auditor.

It is further contended on the part of the state that, as no appropriation was made for the payment of this claim by the legislature, the state auditor was not authorized to audit or allow the claim, or "draw any voucher or warrant, without an appropriation in exact amount for the specific purpose first having been made by the legislature." Laws 1895, Chap. 97. This act does not have the effect to repeal Chap. 1, Laws 1890, and hence it is not necessary to decide the effect of the law of 1895 at this time. The plaintiff's right to bring the action and have his claim adjudicated is not affected by that act. The demurrer is therefore overruled, and the defendant is given 60 days in which to take such further proceeding as it may be advised.