LYMAN COUNTY *v.* STATE  (Hanson County Intervener.)

1. Laws 1881, Chap. 84, § 15, providing for the payment out of the state treasury of costs and expenses of criminal prosecutions arising in unorganized counties, being valid when enacted, was not abrogated by the adoption of the state constitution, which prescribes a new method of making appropriations.

2. Where items of a claim have been audited by the commissioners of a county, and a county warrant for each item duly issued, it will be presumed, in an action by the county against the state on such claim, that the items were carefully and honestly examined and audited, in amounts believed to be legal and reasonable.

3. Reasonable compensation for services allowed and paid to an attorney appointed by the court to prosecute a criminal action arising in an unorganized county, there being no state's attorney at the time, cannot be recovered from the state by the county.

4. It is otherwise, however, as to expense incurred by him in the prosecution.

5. Where a separable claim in part against one party and in part against another is pleaded as one cause of action, a general demurrer thereto by one party confesses a cause of action as to the other, and is properly overruled.

6. A complaint by a county against the state alleging the payment by plaintiff of costs and expenses incurred in a criminal prosecution arising in an unorganized county, for which the state is alleged to be liable, states but one cause of action, though it allege that the county has received the warrants of another county, which are unpaid, for some of the items of such costs.

7. An intervening county claiming from the state a part of the amount claimed by plaintiff county for costs and expenses incurred in a criminal prosecution arising in an unorganized county, on the ground that it has paid part of such costs and received the warrants of plaintiff therefor, which remain unpaid, is not entitled to any portion of such amount, without surrendering, or offering to surrender, such warrants.

8. A county cannot sue the state for costs and expenses incurred in a criminal prosecution arising in an unorganized county, and paid by it, until the state auditor has refused to pay the claim.

(Opinion filed January 7, 1899.)

Action by Lyman county against the state to recover cost of criminal prosecution. On exceptions by defendant to report of referee. Findings of referee adopted, except as to one item allowed. Intervening complaint of Hanson county dismissed, on sustaining defendant's demurrer thereto. Judgment in favor of plaintiff on its claim, and in favor of defendant for costs of intervention.

*S. H. Wright,* for plaintiff.

*Coe I. Crawford,* (Attorney General) for defendant.

*P. A. Zollman* and *J. L. Hannett,* for intervener.

HANEY, J. A demurrer to the complaint herein having been overruled, defendant answered denying each and every allegation contained therein; and the action was, by consent, referred, to have the issues of fact determined. The report of the referee and exceptions of the defendant now demand attention. In ruling upon the demurrer, this court held "that plaintiff can recover for such items of costs and expenses as were actually, legally and necessarily incurred in the prosecution mentioned in the complaint, and for which its warrants have been issued." Lyman Co. v. State, 9 S. D. 413, 69 N. W. 601. Notwithstanding the strenuous contention of the learned attorney general, we are constrained to adhere to the conclusion there announced. The distinction between appropriation laws passed before, and those passed after, the taking effect of the constitution, is so clearly stated by this court in Cutting

v. Taylor, 3 S. D. 11, 51 N. W. 949, that nothing further need be said on the subject. There is nothing in the constitution precluding the state from paying the expenses of criminal prosecutions arising in unorganized counties. Of course, that instrument prescribes the manner in which appropriations for that or any other purpose shall be made after its adoption. The territorial legislature was not thus restricted, and its law, valid when enacted, was not abrogated by the adoption of the constitution. Cutting v. Taylor, *supra*. If there is any feature of this law that is unwise or undesirable, it is the duty of the legislature, not of this court, to repeal it. All the items allowed by the referee were shown to have been audited by the commissioners of Lyman county, and for each a warrant was duly issued. It would serve no useful purpose to enter upon a discussion of these numerous items in detail. It will be presumed that the county officers properly performed their duties, and that all the claims allowed by the commissioners were carefully and honestly examined and audited, in amounts believed to be legal and reasonable. After a careful review of the referee's report, we adopt his findings, with the exception of one item—that of $500 for the services of James Brown, Esq., who was appointed by the court to prosecute the criminal action, there being no state's attorney in Lyman county at that time. His appointment was proper, and the compensation allowed him reasonable, under the circumstances, and it was entirely proper that Lyman county should pay him, because it was clearly the duty of the state's attorney of that county to conduct the prosecution. If, however, Mr. Brown had been the duly elected state's attorney, his services in this particular matter would have been compensated for by his regular

salary, and he would not have been entitled to compensation from the state. We think his relations to the case, county and state, should be regarded the same as if he had been the state's attorney of that county, and that the county cannot recover the amount paid him as compensation. It is otherwise as to the items of expense incurred by him in connection with the particular prosecution involved in this action. These resulted directly from such prosecution, and would not have been covered by his salary as state's attorney. Deducting the item of Mr. Brown's compensation, and an evident error of $2 in another item, from the amount found by the referee, the aggregate sum found to be due the plaintiff, under the rule heretofore announced, is $5,131.91. As it does not appear when the warrants issued by plaintiff were paid, if any have been paid, and as the amount of costs and expenses for which the state is liable has not been heretofore ascertained, no interest will be included in the judgment rendered by this court. Heretofore Hanson county was granted leave to file its complaint in intervention in this action, wherein it alleges among other things, that it audited and issued warrants in payment of the costs and expenses of the Phelps trial in sums aggregating $4,103.50; that a properly itemized and verified claim for this amount was presented to the plaintiff county, which audited and issued its warrants to the intervener in the sum of $2,832.-31; that these warrants were registered, indorsed "Not paid for want of funds," and have not since been paid. The intervener prays judgment against the state for the full amount of costs and expenses for which it issued its warrants. To this complaint the state demurred, on the following grounds: (1) That several causes of action have been improperly united; (2)

that the complaint does not state facts sufficient to constitute a cause of action. And the plaintiff demurred to the complaint in intervention in so far as the same seeks to recover the $2,832.31, as set forth in the eighth paragraph thereof, upon the ground that the same does not state a cause of action, nor set forth grounds entitling the intervener to any relief as to that item or claim. The facts alleged in the complaint in intervention are pleaded as one cause of action; therefore the demurrer of the plaintiff must be overruled, as it in effect confesses that plaintiff has no objection to the intervener recovering of the state the amount of its claim for which plaintiff has issued no warrants. We do not think that several causes of action have been improperly united. The complaint in intervention contains but one cause of action, namely, the payment by the intervener of certain costs and expenses incurred in a criminal prosecution arising in an unorganized county, for which the state is alleged to be liable. Whether the complaint contains allegations which defeat the intervener's cause of action, or lacks allegations necessary to entitle it to any relief, are questions properly raised by the second ground of the state's demurrer. As to the items for which the intervener has received the warrants of plaintiff, we think it cannot recover without a surrender of, or offer to surrender, such warrants, and none is alleged in its complaint. And as to the items for which no warrants have been issued by plaintiff—indeed, as to all the items paid by the intervener—we think it is not entitled to recover of the state, until it shows itself to be aggrieved by a refusal of the state auditor to allow its claim. Such refusal is a condition precedent to maintaining any action against the state. Lyman Co. v. State, *supra.* The intervener

is not entitled to any portion of the amount to which plaintiff is entitled, as heretofore stated, for the reason that it has received and not returned or offered to return, the warrants issued by the plaintiff. We therefore think the state's demurrer to the complaint in intervention should be sustained, and that such complaint should be dismissed, with costs of intervention to be taxed in favor of the defendant. It is so ordered. Judgment will be entered in accordance with this decision, in favor of plaintiff and against the state for $5,131.91, together with its costs and disbursements, and in favor of defendant for its costs and disbursements caused by the intervention.