## MORGAN V. STATE.

Laws 1881, Chapt. 84, § 15, providing for the payment out of the state treasury of the costs and expenses of criminal prosecutions arising in unorganized counties, being valid when enacted, was not abrogated by the adoption of the state constitution, which prescribes a new method of making appropriations.

(Opinion filed January 7, 1899.)

Original action by James Morgan against the state to recover costs of criminal prosecutions arising in unorganized counties. Hearing on report of referee, and plaintiff's motion for judgment thereon. Judgment in favor of plaintiff.

*S. H. Wright*, for plaintiff.

*Coe I. Crawford*, attorney general, for defendant.

HANEY, J. It was held by this court, in ruling upon the demurrer to the complaint herein, that plaintiff could recover

such items of expense incurred in criminal prosecutions arising
in unorganized counties, mentioned in his complaint, as were
incurred while such unorganized counties were attached to Brule
county for judicial purposes. 9 S. D. 230, 68 N. W. 538. The
facts necessary to an understanding of the issues involved may
be found in the decision then rendered. After the demurrer
was overruled, plaintiff obtained leave to amend his complaint,
by alleging that the items of expense sued for were all incurred
at times when the unorganized counties in which the criminal
actions arose were attached to Brule county for judicial pur-
poses. Defendant answered the amended complaint, and by
consent the action was referred, to have the issues of fact de-
termined. The action now comes on for hearing upon the re-
port of the referee, and plaintiff's motion for judgment thereon.
It is found by the referee, and shown by the evidence, that cer-
tain prosecutions arose in certain unorganized counties attached
to Brule county for judicial purposes, in which the sheriff and
other officers of that county earned certain fees; that an item-
ized account of these costs was properly certified by the state's
attorney of Brule county, and examined and allowed by the cir-
cuit court, as required by Comp. Laws, § 425; that on Sept. 30,
1895, the account so certified and allowed was presented to the
state auditor, who refused to allow the same, and refused to is-
sue a warrant for the amount thereof, for the reason that there
was no appropriation to pay the same. Subsequently this ac-
tion was commenced. There can be no question regarding the
liability of the state to pay each item found by the referee,
provided the territorial law continued in force and operated as
an appropriation when the expenses were incurred. In the case
of Lyman Co. v. State 11 S. D. 391, 78 N. W. 17, this question

is fully considered, and for the reasons therein announced we conclude that plaintiff is entitled to recover judgment for $225.20, with interest thereon at 7 per cent. per annum from September 30, 1895, the date when plaintiff's properly itemized, certified, and allowed claim was presented to the state auditor for payment, and refused, together with his costs and disbursements, to be taxed by the clerk of this court. Judgment will be entered accordingly.