## STATE v. PENNINGTON COUNTY.

A claim by the state against a county for taxes collected by it in an unorganized county need not be presented to the county commissioners before commencement of a suit thereon, since such county is a trustee of the funds so received, and as such is amenable to a court of equity, within Laws 1895, c. 63, § 1, prohibiting suits against counties before the claim is presented to the county commissioners, except in actions where equitable relief is sought.

(Opinion filed August 29, 1900.)

Appeal from circuit court, Pennington county. Hon. LEVI McGEE, Judge.

Action by the State against Pennington county to require the latter to account for certain taxes. From a judgment for defendant, plaintiff appeals. Reversed.

*John L. Pyle*, Attorney General, for the State.

*Chauncey L. Wood*, for respondent.

FULLER, P. J.  This action is to require the defendant county to account to the state for $7,810.84 that the former has collected during eight successive years as taxes, state and judicial, levied upon property situated in the unorganized county of Ziebach, which was attached to Pennington county for such purposes; and it appears from the complaint that no part thereof has been paid to the state, but on the contrary, the entire sum so collected was, by mistake of law, placed in the county general fund, and used in the payment of county warrants issued thereon for the exclusive use and benefit of the county. It is further alleged, on information and belief: "That the parties who have been treasurer of the said Pennington county within the time aforesaid have acted in good faith, believing that the said money belonged to the said Pennington county, and having used the same for the payment of the general fund warrants of said county, believing that that was the proper use of said funds, and the accounts of said treasurers have been approved in the manner provided by law by the county commissioners of said Pennington county from time to time, thereby approving the use of such funds in the manner aforesaid; that it would be inequitable and unjust at this time to require each of the treasurers as aforesaid to pay to the State of South Dakota the amount collected by him, for the reason that the county of Pennington has had the full benefit of said sums, and is in duty bound to reimburse the State of South Dakota for the funds so used; that the commission upon the amount so collected as aforesaid would amount to four per cent. thereof. or three hundred and twelve dollars and forty-three cents, and the balance of said amount should be paid into the treasury of the State of South Dakota by the defendant

county, together with interest upon each month's collections from the close of each month to the time of rendition of judgment at the rate of seven per cent. per annum. Wherefore plaintiff demands judgment against the defendant that the amount collected by said defendant be ascertained by the court up to the time of the trial of this action, and that judgment be rendered in favor of the plaintiff and against the defendant for the amount so collected, together with seven per cent. interest thereon from the time of the collection thereof up to the time of the trial of this action, and for such other and further relief in the premises as may may be equitable and just." In the absence of an averment that the claim had been presented to the board of county commissioners before the commencement of the suit, a demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action was sustained, and plaintiff appeals.

Section 1, Chap. 63, Laws 1895, after expressly prohibiting the institution of a suit against a county to enforce the collection of a claim before the same has been presented to the board of county commissioners, concludes as follows: "Provided further that this act shall not apply to cases where purely equitable relief is sought." To the extent that public officers are trustees of property for the benefit of the state or municipality, they are ever amenable to the jurisdiction of courts of equity in the administration of such trusts, and it has been held with reference to this system of taxation "that all taxes collected in the unorganized counties should be paid into the state treasury, whether collected for state or judicial purposes, and become trust funds for the payment of the judicial expenses incident to such unorganized counties." Morgan v,

State, 9 S. D. 230, 68 N. W. 538. The duty of imposing and gathering these taxes being placed upon certain county officers, and upon the treasurer to forward the same to the proper state official, they are all, under broad equitable principals, trustees of funds thus coming into their hands, and a misappropriation thereof constitutes a breach of trust, and an action by the state, based thereon, for an acounting is one "where purely equitable relief is sought"; and the case before us is clearly within the exception to the statutory rule requiring a claim to be presented to the board of county commissioners before the commencement of an action. The order sustaining the demurrer is reversed, and the case remanded for further proceedings according to law.