ACME HARVESTING MACH. CO. v. GUY et al.

A general demurrer should not be sustained to a complaint in an action on an appeal bond, where the undertaking as to costs upon dismissal is valid, and the plaintiff is entitled to certain nominal relief, though the complaint claims much greater relief.

(Opinion filed May 31, 1911.)

Appeal from Circuit Court, Marshall County. Hon. FRANK McNULTY, Judge.

Action by the Acme Harvesting Machine Company against Anna E. Guy and another. From a judgment overruling a demurrer to the complaint, defendants appeal. Affirmed.

*Byron Abbott,* for appellants. *Sears & Potter,* for respondent.

HANEY, J. This appeal is from an order overruling a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. As its cause of action the plaintiff states: "(1) That it is a corporation. * * * (2) That on the 5th day of January, 1905, the Acme Harvester Company, a corporation, recovered a judgment in the county court of Marshall county, S. D., in an action therein pending in which the said Acme Harvester Company was plaintiff, and one W. L. Hinkley, was defendant, said judgment being for the amount of $1,057.75, which judgment was duly entered in the office of the clerk of the said court. That thereafter, and on or about June, 1905, the said W. L. Hinkley perfected an appeal from said judgment to the supreme Court of the state of South Dakota, and for the purpose

of perfecting and procuring said appeal the said defendant did execute and deliver an appeal bond or undertaking in said cause, signed by the defendants, Anna E. Guy and Otto L. Kaas, by the terms of which the said Anna E. Guy and Otto L. Kaas did undertake, promise, and agree that the said W. L. Hinkley should pay all costs and damages which might be awarded against him on said appeal, or on a dismissal thereof, not exceeding $250, and did also undertake that if the said judgment so appealed from, or any part thereof, would be affirmed, or if said appeal should be dismissed, then the said appellant should pay the amount directed to be paid by the said judgment, and all damages and costs awarded against said appellant on said appeal. A true copy of said undertaking is hereto attached, Marked 'Exhibit A.' And that thereafter said appeal was entertained by the Supreme Court of the state of South Dakota, and at the October term of said court an order was made dismissing said appeal, and further ordering and adjudging that the respondent recover the sum of $13.55, as costs of said appeal. A true copy of the said judgment and order is hereto attached, maked 'Exhibit B.' (3) That the said cause was thereafter remanded to the office of the cerk of the circuit court of Marshall county, and a remittitur sent down and executed was issued upon the said judgment so appealed from, and said execution has been returned unsatisfied by the sheriff of Marshall county, with a return to the effect that he could find no property upon which he could satisfy the same. (4) That the conditions of said undertaking have been broken, and default has occurred therein, in that neither the said appellant, nor the said defendants, nor any of them, have paid the judgment hereinbefore referred to, or the costs of said appeal, or any part thereof, and there is now due and owing on said undertaking to plaintiff the sum of $1,057.75, with interest thereon at 7 per cent. from January 5, 1905, and the further sum of $13.55 costs on said appeal, with interest at 7 per cent. from the 18th day of October, 1905. (5) That plaintiff corporation is now the owner of said claim and judgment. That before the commencement of this action the same was sold and transferred to the plaintiff, as the successor in interest of all the property and property rights of the Acme Harvester Company, and plaintiff is now the owner thereof."

Appellants contend the demurrer should have been sustained, notwithstanding the express agreement to pay the amount directed to be paid by the judgment if the appeal should be dismissed, because it appears on the face of the complaint that the judgment was not affirmed; such express agreement not having been required by the statute and being without consideration. To this respondent replies that the demurrer attacked the entire complaint and was properly overruled, because the plaintiff was at least entitled to recover the costs awarded on the appeal. Respondent's position must be sustained. As to the costs on appeal the terms of the undertaking are substantially in the language of the statute. Rev. Code Civ. Proc. § 455. When the facts alleged in a complaint entitled the plaintiff to any relief whatever, though it be only nominal damages, a demurrer directed to the entire pleadings, on the ground that it does not state a cause of action, should be overruled. Hudson v. Archer, 4 S. D. 128, 55 N. W. 1099; Lyman County v. State, 11 S. D. 391, 78 N. W. 17.

Therefore, without expressing an opinion as to whether, upon the facts stated in the complaint, the plaintiff would be entitled to recover more than the costs awarded on the appeal, with interest, the order appealed from is affirmed.