10927

MORRAH v. DR. JOHN de la HOWE INDUSTRIAL SCHOOL

(113 S. E. 70)

STATES—ATTORNEY GENERAL HAS NO POWER TO MOVE FOR OR CONSENT TO SUIT AGAINST STATE.—The State can only be sued upon permission granted by the General Assembly, and the Attorney General has no power to move for or consent to such suit.

Before SEASE, J., McCormick, October, 1921. Affirmed.

Action by S. P. Morrah against the Dr. John de la Howe Industrial School. From order refusing to make the State a party, the Attorney General on behalf of the State appeals.

*Mr. Sam'l W. Wolfe, Atty. Gen'l.,* for appellant, cites: *Suit against School is in effect a suit against the State; and it is proper party:* 221 U. S., 636; 25 S. C., 416.

*Mr. Wm. P. Green,* for respondent, cites: *Permission to sue the State can only be granted by the Legislature*: 8 S. C., 231. *Suit will lie against the School:* 77 S. C., 38; 221 U. S., 636; 30 Stat. 803.

The exception upon which the appeal was taken is as follows:

That his Honor, the presiding Judge, erred in refusing to make the State of South Carolina a party defendant, inasmuch as judgment against defendant, the Dr. John de la Howe Industrial School, would have to be met by State appropriations from the State treasury, and paid out of public moneys, and therefore the State is necessarily a proper party in interest.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action by plaintiff against the Dr. John de la Howe Industrial School, a corporation under the laws of South Carolina, under the control of the State, to recover certain money alleged to have been overpaid to the trustees on a contract

for the purchase of certain real estate.   It is alleged that, at the time of settlement between the parties in 1920, the plaintiff was not allowed credit for a payment of $500 made by him in 1906; that by reason of said omission he was required to pay the trustees $1,265 more than he should have paid, due to the loss of his receipt; and that it was agreed that, if the receipt should be found, the plaintiff would be reimbursed; that he has since found the receipt, but the trustees refuse to make reimbursement.

At the time of answering, the Attorney General of the State gave notice of a motion requiring the plaintiff to make the State a party defendant.   At the same time he filed a demurrer on behalf of the defendant corporation upon the ground that the suit is in effect a suit against the State, and that the State had not authorized the suit.

The motion and demurrer were heard by Judge Sease, who filed an order dated October 29, 1921, refusing the motion, and overruling the demurrer.

From the order refusing the motion of the Attorney General that the State be made a party, an appeal in the name of the State has been perfected upon the single ground of alleged error in refusing the motion, which exception will be reported.   There is no appeal on behalf of the defendant corporation either from the refusal of the motion or the overruling of the demurrer.

The appeal must fail upon the very ground upon which the motion was made.   The State can be sued only by permission granted; that permission can be granted only by the General Assembly; the effect of making the State a party would have been necessarily a judicial consent, upon the motion of the Attorney General, who has not the power to move for or to consent to such suit.

The judgment of this Court is that the order appealed from be affirmed.