GOODHOPE, Plaintiff, v. STATE et al, Defendants.

(211 N. W. 451.)

(File No. 6365.   Opinion filed December 31, 1926.)

**States—Claim Must Be Presented to and Refused by State Auditor to Authorize Action in Supreme Court Against State (Rev. Code 1919 § 2109; Const., Art. 3, § 27).**

Claim must be presented to and refused by state auditor to authorize action in Supreme Court against state, under Rev. Code 1919, § 2109, enacted pursuant to Legislature's authority under Const., art 3, § 27, to direct manner and courts in which such suits may be brought.

Note.—See, Headnote, American Key-Numbered Digest, States, Key-No. 197, 36 Cyc. 901, 903, 905.

Original action by Maud Goodhope against the state of South Dakota and others. Demurrer to the complaint sustained, and plaintiff given 20 days to serve and file an amended complaint.

*Waggoner & Stordahl,* of Sioux Falls, for Plaintiff.

*Buck F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Defendants.

GATES, P. J.  Plaintiff brings this action against the state, pursuant to the provisions of section 2109, Rev. Code 1919. The complaint alleges the employment of plaintiff by the board of charities and corrections and the rendition of services by her at the penitentiary, the presentation of her claim to said board, and its nonpayment. Defendants demur to the complaint for want of facts.

Const., art 3, § 27, says that the Legislature shall direct by law in what manner and in what courts suits may be brought against the state. Said section 2109 says in part:

"*Actions Against the State, How Commenced.* It shall be competent for any person deeming himself aggrieved by the refusal of the state auditor to allow any just claim against the state, to commence an action against the state by filing with the clerk of the supreme court a complaint setting forth fully and particularly the nature of the claim."

There is no allegation in the complaint that the claim was presented to the state auditor, nor that such officer has refused to allow it. Plaintiff urges that the law does not require the perform-

ance of idle acts, and that it would be an idle act to present the claim to the state auditor, after its rejection by the board of charities and corrections.

It was for the Legislature to specify the conditions under which an action might be brought against the state. It has specified, as a condition precedent to the bringing of an action under said section 2109, that the allowance of the claim must have been refused by the state auditor. Lyman County v. State, 9 S. D. 413, 69 N. W. 601. Under such circumstances, it is not for this court to say that the presentation of the claim to the state auditor would have been an idle act. The condition precedent specified by the Legislature must have been complied with in order to authorize the bringing of this action in this court under said section 2109.

The demurrer to the complaint is sustained. Plaintiff will be given 20 days within which to serve a file an amended complaint.