12843

FANN v. STATE HIGHWAY DEPARTMENT

(152 S. E., 429)

September, 1928.

*Attorney General John M. Daniel,* and *Assistant Attorney Generals Cordie Page,* and *J. Ivey Humphrey,* for appellant,

Messrs. *Ryan S. Moore, Barron, Barron & Barron,* and *Nichols, Wyche & Byrnes,* for respondent,

February 24, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This action for personal injuries, alleged to have been sustained by Rylon Fann, an infant, caused by a defective highway, was commenced on November 7, 1927, in the Court of Common Pleas for Union County. The case was tried before his Honor, Special Judge D. S. Murph, and a jury, on September 14, 1928, and resulted in a verdict for the plaintiff; and from the result, the State Highway Department has appealed.

The suit, one against a department of the state government, was, of course, actually a suit against the state. The action could not be maintained, there-

fore, except by the *express consent* of the state; and that consent had to be given by legislative authority.

It is evident that the plaintiff sought to bring and maintain the action under the authority of Act No. 189 of the General Assembly of the year 1925, entitled, 'An Act to Amend Section 2948 of the Civil Code of Laws, Volume 3, Relating to Damages From Defective Highways, so as to Further Provide for the Payment of Damage or Injury Sustained Upon the Highways of the State," 34 St. at Large, 287. That Act was approved April 14, 1925.

Between the date of the commencement of the action and the day of the trial, the Act of 1925, *supra,* was superseded and repealed by Act No. 1055 of the year 1928, approved March 10th of that year, entitled, "An Act to Permit the State Highway Department to be Sued and Naming the Conditions Under Which Suit May be Instituted, and Providing for Compromise or Settlement in Certain Cases," 35 St. at Large, 2055.

The Act of 1928, permitting the bringing of suits against the State Highway Department for injuries to persons and damage to property occurring from defective highways, provided, as one of the requisites for the instituting and maintaining of such suits, "That a claim giving the date, place where the injury or damage occurred, and the amount claimed must be made out, sworn to, and filed with the State Highway Department within ninety days after the alleged injury or damage."

That Act also provided that as to injuries or damages sustained before the passage of that Act "the time limits imposed * * * for giving notice and commencing suit should not apply."

We have just recently held that while the time limit for the filing of claims did not apply in cases of injuries or damages sustained prior to the passage of the Act of 1928, yet it was incumbent upon the person seeking to bring suit, under the terms of that Act, to file the re-

quired claim with the State Highway Department. *United States Casualty Co. v. State Highway Department of South Carolina* (filed 21st day of February, 1930), 155 S. C., 77, 151 S. E., 887.

The cause of action as stated accrued while the Act of 1925 was in force, and before the passage of the Act of 1928. It being entirely a statutory cause of action, and the Act of 1928 having replaced the Act of 1925, the plaintiff is obliged to proceed under the Act of 1928, which provided a remedy purely statutory, and was necessarily exclusive. While the Act of 1928 expressly relieves the plaintiff, who had a cause of action under the Act of 1925, from giving the notice of claim provided for under the Act of 1928, within the prescribed time, it did not relieve him from the requirement of filing a claim. The plaintiff, after the passage of the Act of 1928, should have filed his claim with the high-way department, and then applied for leave to file a supplemental complaint setting forth the fact that a claim had been so filed. This not having been done, the plaintiff was without a cause of action, as stated in his complaint.

We do not think that under the circumstances, the case should be reversed with direction to enter a judgment for the defendant upon the motion of the defendant, but such direction be that it should be reversed, with leave to the plaintiff to file a claim with the highway department, and apply to the Court for leave to file a supplemental complaint setting forth that fact, and it is so ordered.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.