14104

ARGENT LUMBER COMPANY v. QUERY *ET AL.* CONSTITUT-
ING THE TAX COMMISSION

(182 S. E., 93)

*Messrs. Hitch, Denmark & Lovett* and *Tobias & Turner,* for petitioner,

*Messrs. John M. Daniel, Attorney General, J. Fraser Lyon* and *Claude K. Wingate,* for respondents,

July 5, 1935.

The opinion of the Court was delivered by MR. A. L. GASTON, ACTING ASSOCIATE JUSTICE.

This is a proceeding in the original jurisdiction of the Court on a petition for a writ of mandamus instituted by the petitioner, who seeks to recover the refund of income taxes

for the years 1923 and 1925, and paid in excess of the amount justly due under the law, and amounting to the sum of $3,110.68. It is claimed by the petitioner that its returns of its gross income for said tax years were made and the taxes assessed and paid on its net taxable income under the authority of the Act of 1922, as amended, or under the Act of 1924 or the Act of 1925. The said statutes provide that there shall be paid to the State of South Carolina a sum equal to 33 1/3 per cent., of the amount required to be paid by such taxpayer to the Federal government. After the payment to Federal government. of the income taxes assessed by it for the said tax periods, the agents of the government of the United States began an investigation of the income tax returns and of certain deductions claimed thereon by the petitioner, which was not concluded until the latter part of 1930, and resulted in a refund being paid by the United States government of the amounts set forth in the petition. The petitioner further claims that in the latter part of the year 1929, the agent of the South Carolina Tax Commission called upon the petitioner for the purpose of investigating its said income tax returns; and upon being informed that the Federal government was also investigating the income tax returns for these two years, the respondent, through said agents, agreed to await the final adjustment by the United States tax authorities of the Federal income taxes. The respondent did adjust the State income taxes at the conclusion of the Federal investigation, and on the 28th of February, 1931, advised the petitioner that overpayments had been made for the year 1923 of $1,558.86, for the year 1925 of $1,551.82, and for the year 1926 of $214.11. It is further claimed that the respondents have refused to make refund of the income taxes thus improperly assessed and overpaid for the said years.

The return of the respondents admits the correctness of the amounts claimed and shows that a refund of the amount claimed for the year 1926 has been paid, but alleges that the

amounts claimed for the years 1923 and 1925 are barred by the statute of limitations under the terms of the Act of the 13th of March, 1922, 32 St. at Large, p. 896, which made of force an Act of Congress, approved November 23, 1921, 42 Stat., 227. The said Act of Congress provides under Section 1316, amending Rev. St. § 3228, that all claims for the refunding of any internal revenue tax erroneously or illegally assessed or collected must be presented to the Commissioner of Internal Revenue within four years after its payment, and under Section 250 (d) that the amount of income taxes due under any return made under this Act for 1921 or thereafter shall be determined and assessed within four years after the return was filed, unless both the Commissioner and the tax-and collection of the tax. The respondents allege that they did payer consent in writing to a later determination, assessment, not ascertain, within four years after the filing of the returns and the payment of the taxes for the years 1923 and 1925, that petitioner had paid more than the amount of income taxes due; that no claim was made within the said four years for a refund; that no waiver in writing has been entered into between the parties; and that under the said Act of Congress, as adopted by the State, the petitioner is now barred from claiming the said refund for these two years.

It is conceded that the Tax Commission has general authority to order the refund of income taxes paid in excess of the amount legally due, and this authority is in addition to any remedy for the refund of taxes that may now be provided by law. Section 2461, Code 1932. This provision of law was not enacted until the year 1929, which was after the tax periods involved in this suit. Under the terms of this Act the Tax Commission is clothed with the power and authority to make such refunds for valid reasons, but no corresponding right is conferred upon the taxpayer to compel by suit the exercise of this authority; so that if such legislation enacted subsequent to the time of the payment of taxes now sought to be recovered, should be held applicable,

the petitioner has no legal right of redress under the specific terms of this section, for the recovery of taxes paid prior to its enactment. Section 2469 of the Code of 1932 limits the right on behalf of the taxpayer in cases where any income taxes are illegally or unjustly charged to pay the same under protest in writing and within 30 days thereafter, but not afterwards to bring an action against the South Carolina Tax Commission for the recovery thereof in the Court of Common Pleas for any county having jurisdiction, and there shall be no other remedy in any case of the illegal or wrongful collection of income taxes than that so provided. This section of the Code was enacted in the year 1927 (35 St. at Large, p. 1), and was therefore in force when Section 2461 was first enacted in 1929 (36 St. at Large, p. 1048). Even, therefore, if Section 2461 confers an additional remedy to all other provisions of law, it falls far short of establishing or creating a plain ministerial duty on the part of the Tax Commission to refund any and all overpaid income taxes assessed and collected against taxpayers prior to the passage of this law, without regard to the legality or equity of such claims.

The State Act of 1922 expressly declares that: "In case reformation is made in any income, or any tax on income by the government of the United States, a like proportionate reformation shall be allowed on behalf of the State by the Tax Commission, and any additional tax accruing to the State by reason of such reformation shall be collectable in the same manner as is herein provided for, for the collection of tax incomes." 32 St. at Large, 896, at page 898, § 2.

Section 2467 of the Code of 1932 sets forth that: "A taxpayer may apply to the Tax Commission for revision of the tax assessed against him, at any time within one year from the time of the filing of the return or from the date of the notice of assessment of any additional tax. The Tax Commission shall grant a hearing thereon * * * and shall refund to the taxpayer the amount, if any, paid in excess of the

tax found by it to be due." This remedy provided by the Code was first enacted in 1926. See 35 St. at Large, p. 1.

The provisions of the Code above quoted relate to the remedy, and, when this suit was begun, were in full force and effect regardless of the date when each Act was passed; under the terms of Section 2468 of the Code, the collection of income taxes shall not be stayed or prevented by any injunction, writ, or order issued by any Court or Judge, whether such tax is legally due or not, but in all cases whatsoever the person charged with the tax must pay the same under protest in writing and enter suit within 30 days thereafter. The Tax Commission is required to pay to the State Treasurer, to the credit of the general fund, all income taxes, interest, and penalties collected by law; so that this proceeding is a suit against the State, which cannot be sued without its consent; and then only in manner provided by law where its consent has been given. *Monarch Mills v. South Carolina Tax Commission,* 149 S. C., 219, 146 S. E., 870. It will be seen, therefore, that the respondents' position that the Tax Commission has authority to order a refund is limited by the terms of Section 2461 in its scope, and confers the power and authority upon the Tax Commission to refund illegally collected income tax, penalty, or interest, when it discovers from the examination of the return or otherwise that the amount paid by any taxpayer is in excess of the amount legally due. The allowance of such a refund is not made obligatory, and no provision for its enforcement by the taxpayer by suit against the State, without its consent, is contained in this section of the Code.

On the other hand, the taxpayer must file his claim for revision within one year from the filing of the return or receipt of notice of additional tax assessment.

The petitioner takes the position that the provisions of the Federal Income Act of 1921, above quoted, with reference to refunds, was not adopted by the State Act of 1922 as a part of the machinery of the law of this State. This Court

so held in the case of *Western Union Tel. Co. v. Query et al.*, 144 S. C., 234, 142 S. E., 509, wherein it was adjudicated and decided that the provisions of the Federal Act relating to the remedy are outside of the purview of the adoption of the Federal statute by the State; that no remedy was provided by the State statute to give relief to a taxpayer for the recovery by law of a refund of overpaid taxes; and that no statutory remedy was provided. We have searched in vain all subsequent Acts of the General Assembly of this State and fail to find any statutory remedy conferring such right or enabling or entitling the petitioner to maintain this proceeding by mandamus or by any suit at law or otherwise to compel the refund now claimed.

It is not denied that an agent of the State Tax Commission called upon the petitioner during the year 1929 and orally agreed to await the final determination of the Federal investigators, and that adjustments would be made upon the returns as reformed by such investigation. But the agent of the Tax Commission could not alter, amend, or change the statute law of this State, either orally or by written agreement; nor was any reformation of its income tax returns ever made by the petitioner to the South Carolina Tax Commission as a basis for further action by the State; and the taxpayer, after having voluntarily made the payments, has waited almost ten years to sue for a refund of overpaid taxes.

Lastly, the refund and payment out of the State Treasury of funds wrongfully collected by way of income taxes is peculiarly a matter of legislative enactment and prerogative. The Court can require money to be paid from the State Treasury only when it has been appropriated by the Constitution or a statute. *State v. Derham*, 61 S. C., 258, 39 S. E., 379; *State ex rel. Buchanan v. State Treasurer*, 68 S. C., 411, 47 S. E., 683. Nor is this a case where the taxpayer is entitled to the benefit of any doubt as to the enforcement of the tax statutes, for the reason that

this Court cannot look with favor upon a claim for the refund of taxes by the petitioner, who has waited nearly four years after the amount of the claim was ascertained to bring this suit, and where the taxes were paid ten years and over before the suit was started; and where the suggestion is now made that the respondents diregarded mandates of law and orally waived the terms of the statutes which were then in force, and bound both parties; or, if not in force, then the petitioner had no right to claim a refund, and, therefore, cannot maintain this proceeding for a writ of mandamus and thereby bring suit against the State without its consent, where no statutory remedy was provided. It is not unusual for taxpayers to go to the General Assembly for relief by special Acts for the refund of taxes improperly collected. It has been repeatedly held that where the remedy is adequate at law, the taxpayer is bound to follow the provisions of the law, and cannot enforce the right otherwise. The judgment of the Court is that the petition be dismissed.

This conclusion is more readily reached in view of the fact that the early legislation on the subject of the refund of any tax, other than municipal taxes, on the order of the State Tax Commission in cases where the funds have passed into the custody of the State Treasurer, made it the duty of this officer to report the same to the General Assembly with the request that proper appropriation be made to cover such amount as may have been ordered to be so refunded; and that this provision of law was enacted contemporaneously with the Income Tax Law of 1922. This Act and amendments thereto, although repealed by subsequent Acts, remains in force for the assessment and collection of all taxes which have accrued or may accrue under its terms. Section 2478, Code 1932. See, also, Acts 1922, p. 1017.

The judgment of this Court is that the writ of mandamus prayed for be, and hereby is, denied, and the petition dismissed.

Mr. Chief Justice Stabler and Mr. Justice Carter and Mr. Acting Associate Justice T. S. Sease concur.