14194

HARRIS v. FULP *ET AL.*

(183 S. E., 158)

*Mr. S. B. Knotts Jr.,* for appellant,

*Mr. Norbert A. Theodore,* for respondent,

December 31, 1935.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

In August, 1935, appellant, a resident and citizen of Richland County, S. C., commenced an action in the Richland County Court against J. D. Fulp, as administrator of the South Carolina Emergency Relief Administration, and T. W. Miller, as administrator of the Richland County Emergency Relief Administration, respondents herein alleging: "111. That the South Carolina Emergency Relief Administration is an organization having its offices in the several counties of the State and that the Richland County Emergency Relief Administration is the county organization for the said South Carolina Emergency Relief Administration and that the plaintiff, from August 1, 1934, through January 31, 1935, was employed at sixty (60c) cents per hour as a foreman on what was known as a cattle project in the said

Richland County and that such employment was made by the Richland County Emergency Relief Administration and the South Carolina Emergency Relief Administration. That during the said time or period the plaintiff was paid for five hundred seventy-six (576) hours and that he actually worked twenty-two hundred eight (2,208) hours."

Appellant then set forth that there was a balance due him of $979.20, and prayed judgment therefor.

The respondents demurred on the ground that they were agencies and sub-agencies of the State of South Carolina, that there had been no enabling Act enacted allowing suits against such governmental agencies, and that no Court in the State had jurisdiction over them, the action being one against the State. In addition to the demurrer, respondents served notice of motion to dismiss the action, attaching thereto affidavits showing the source of the money received for disbursement by respondents, its purpose and that title thereto became vested in Honorable Olin D. Johnston, as Governor of the State of Sonth Carolina, and in the State of South Carolina, being impressed with a *quasi* trust, for disbursement through respondents as agencies and subagencies of the State of South Carolina, and of the said Olin D. Johnston, as Governor of said State.

The motion to dismiss the action raised the same legal issues as the demurrer.

The demurrer and motion were heard together before Honorable A. W. Holman, Judge of the Richland County Court, who passed his order sustaining the demurrer and granting the motion to dismiss the complaint, and appeal was perfected to this Court.

On the hearing before this Court, and in printed brief, appellant took the position that he was entitled to maintain his suit under Article 1, Section 17, of the Constitution as for a "taking" of his property without compensation, but aside from the fact that the word "property" would not extend so far as to include services performed

under a contract, the cause of action alleged in the complaint is plainly one for services performed under an alleged contract, and not for a taking of property without compensation.

Counsel for appellant states in his brief that "the sole question presented by this appeal is whether the courts of South Carolina have jurisdiction to try this case."

He then undertakes to subdivide this question into four queries, as follows:

"1. Are the defendants agents or sub-agents of the Government, State or National?

"2. Does the source of a fund determine the jurisdiction of a court and its power to impound such fund?

"3. Is the granting of relief the exercise of a sovereign power?

"4. If the defendants are agents or sub-agents of the State of South Carolina or National Government can they be sued on a contract of employment?"

It is unnecessary to consider other than 1 and 4.

We agree with the conclusion reached by Judge Holman, and direct that his order sustaining the demurrer and dismissing the complaint be printed.

We deem it not amiss to state that the complaint does not show on its face that respondents are such legal entities as may sue or be sued.

All exceptions are overruled, and the order appealed from affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.