14409

UNION BLEACHERY v. SOUTH CAROLINA TAX COMMISSION

(189 S. E., 216)

*Mr. W. G. Sirrine,* for appellant,

*Messrs. John M. Daniel, Attorney General,* and *Claude K. Wingate,* for respondents,

January 6, 1937.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

Action against the South Carolina Tax Commission and the individual members thereof for recovery of documentary stamp taxes, $1,318.00, paid under protest by plaintiff-appellant, and for interest on the amount so paid from June 21, 1930.

The members of the Tax Commission demurred to the complaint on the ground that it stated no cause of action against them as individuals. The circuit Judge sustained the demurrer, and the correctness of his ruling is admitted by appellant.

An behalf of the Tax Commission, a motion was made to dismiss the complaint on the ground that a suit cannot be brought against the State for recovery of documentary taxes, paid under protest, but that plaintiff-appellant should have gone into a court of equity and enjoined and restrained the collection thereof.

On the authority of the cases of *Santee River Cypress Lumber Company v. Query et al.,* 168 S. C., 112, 167 S. E., 22, and *Federal Land Bang of Columbia v. State Highway Department,* 172 S. C., 174, 173 S. E., 284, 288, Honorable G. Dewey Oxner, Circuit Judge, in a well-considered opinion, granted the motion to dismiss.

Appellant has appealed to this Court, and asks that the cases cited by Judge Oxner be reviewed and overruled.

Appellant's counsel has filed an excellent and most persuasive argument. However, as stated by Mr. Justice Bonham, in writing the opinion of the Court in *Federal Land Bank of Columbia v. Highway Department, supra,* the case of *Santee River Cypress Lumber Company v. Query et al.,* holds: "* * * if our lawmaking body desired and intended

to give an adequate remedy at law for the recovery of illegal documentary taxes paid under protest by a taxpayer, and wished to prevent a court of equity from exercising its powers of injunction as to the collection of such taxes, very quickly, easily, and simply, the General Assembly could have amended the provisions of the act of 1928 to carry out fuly its intention. Its failure to amend in any respect section 29 of the act of 1928 (Code 1932, § 2548) seems to us to evidence the legislative intent to permit an aggrieved taxpayer to seek redress in the courts of equity."

We feel bound by the former decisions of this Court, and therefore, the order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.