17098

ARTHUR H. WILDER, Respondent, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant

(90 S. E. (2d) 635)

*Messrs. T. C. Callison, Attorney General,* and *James S. Verner, Assistant Attorney General,* of Columbia, *for Appellant,*

450

*Messrs. Lee & Moise, Nash & Wilson* and *C. M. Edmunds,* of Sumter, *for Respondent,*

*Messrs. T. C. Callison, Attorney General,* and *James S. Verner, Assistant Attorney General,* of Columbia, *for Appellant, in reply,*

December 19, 1955.

OXNER, Associate Justice.

This controversy stems from a proviso in the General Appropriation Act of 1954 authorizing the State Highway Department "to add to each motor vehicle license fee an amount not to exceed 30 cents to cover postage charges." 48 St. at L., page 1662. The case is here on an appeal from an order overruling a demurrer to the complaint.

Plaintiff alleged in his complaint that he owned two automobiles; that on October 29, 1954, he applied at the office of the Highway Patrol in the City of Sumter for license plates for the year commencing November 1, 1954 and tendered the required fees, amounting to $13.00; that the agents in charge of said office declined to issue the licenses unless there was paid an additional sum of 30¢ for the registration of each car; that he thereupon paid "under protest" 60¢ postage charges in addition to the regular fees; and that the demand for the additional sum of 60¢ was without authority of law since the license plates were delivered in person. It was further alleged that postage charges were also wrongfully required of numerous other persons who bought their license plates "over the counter", and that the action was brought in behalf of the plaintiff and all others similarly situated. In the prayer of the complaint, plaintiff asked (1) that the Department be enjoined from further collection of postage charges in cases where the license plates were not mailed; (2) that he and all others in like situation have judgment against the Highway Department for the charges illegally made; and (3) that all excess charges be collected and placed in a separate fund and after payment of a reasonable fee to plaintiff's attorneys and the costs, be disbursed to those lawfully entitled thereto.

The Highway Department demurred to the complaint on numerous grounds but the only question we need to consider is whether the State can be sued in an action of this kind.

The Court below construed the complaint as stating a cause of action for money had and received and held (1)

that the Highway Department was not authorized to collect postage fees when the license plates were not delivered by mail; (2) that statutory authority was not necessary to maintain an action against the State for the recovery of a charge or tax paid under protest; and (3) that if statutory authority be necessary, this action is authorized both by Sections 33-72 and 46-50 of the 1952 Code. The Court found it unnecessary to issue an injunction in view of the statement of the Attorney General that the Highway Department had discontinued requiring postage charges where the license plates were not mailed.

The Highway Department does not question the holding that postage charges are improper when license plates are delivered in person. In fact, the Attorney General stated in oral argument that the Department was willing to refund all postage charges improperly collected upon application therefor being timely made under Section 46-50 of the 1952 Code, and would have refunded the 60¢ to plaintiff if he had made such application. But the Attorney General vigorously challenges the right of the plaintiff to maintain a suit to recover these charges. It is argued that there is no statute authorizing such an action.

There is authority in some jurisdictions for the conclusion of the Court below that where a State or one of its agencies unlawfully collects a tax, assessment or fee, no statute is required to impose a legal obligation to make restitution and that an action at common law for money had and received may be maintained to recover the funds unlawfully retained. *Valentine v. City of St. Paul*, 34 Minn. 446, 26 N. W. 457. However, our decisions are to the contrary. *Morrah v. Dr. John de la Howe Industrial School*, 120 S. C. 197, 113 S. E. 70; *Federal Land Bank of Columbia v. State Highway Department*, 172 S. C. 174, 173 S. E. 284; *Argent Lumber Co. v. Query*, 178 S. C. 1, 182 S. E. 93; *Union Bleachery v. South Carolina Tax Commission*, 182 S. C. 314, 189 S. E. 216.

In *Morrah v. Dr. John de la Howe Industrial School, supra,* it was held that an action could not be maintained against the State to recover overpayments made by plaintiff on a contract with a State institution. In *Federal Land Bank of Columbia v. State Highway Department, supra,* it was held that although the plaintiffs were agencies of the Federal Government and exempt from the payment of license fees for automobiles used in the business, an action could not be maintained against the State Highway Department, in the absence of legislative authority, to recover license fees which the plaintiffs had paid under protest. In *Argent Lumber Co. v. Query, supra,* it was held that the State could not be sued without its consent for the recovery of an overpayment of income taxes. It was there stated [178 S. C. 1, 182 S. E. 95]: "The court can require money to be paid from the state treasury only when it has been appropriated by the Constitution or a statute." in *Union Bleachery v. South Carolina Tax Commission, supra,* the plaintiff sought to recover the amount paid under protest for documentary stamps. It was held that there was no statute authorizing such action and that plaintiff's remedy was to have gone into a court of equity and sought to enjoin and restrain the collection of said taxes.

Counsel for plaintiff took the position for the first time in oral argument before this Court that they were entitled to maintain this suit under the provision of Article 1, Section 17 of the Constitution that "Private property shall not be taken for private use without the consent of the owner, nor for public use without just compensation being first made therefor." The fact alone that the complaint was not brought on this theory would preclude plaintiff from now asserting it. *Harris v. Fulp,* 178 S. C. 332, 183 S. E. 158. We may further add that this constitutional provision has no application to the facts of this case.

Having concluded that the State cannot be sued in an action of this kind without its consent, we shall now inquire

whether there is any statute authorizing it. The Court below held that it could be maintained under Section 33-72 of the Code, which provides: "The State Highway Department may enter into such contracts as may be necessary for the proper discharge of its functions and duties and may sue and be sued thereon." In reaching this conclusion, the Court construed this section as authorizing a suit not only on an express but on an implied contract, citing, among other decisions, *Ford Motor Co. v. State,* 59 N. D. 792, 231 N. W. 883. Plaintiff's counsel call attention to the fact that the foregoing statute was enacted subsequent to the decision of this Court in *Federal Land Bank of Columbia v. State Highway Department, supra,* 172 S. C. 174, 173 S. E. 284, and say that case can no longer be considered as authority on the question before us.

Section 33-72 is a part of a general statute defining the duties and powers of the Highway Department. We need not determine whether it would ordinarily constitute a consent to be sued in a case of this kind, for the refund sought by plaintiff is governed by a special statute, 46-50 of the 1952 Code, which reads as follows:

"Whenever any application made to the Department is accompanied by any fee as required by law and such application is refused or rejected the fee shall be returned to the applicant. Whenever the Department, through error, collects any fee not required to be paid under this chapter or any amount over and above the required correct fee, such fee or amount shall be refunded to the person paying it upon the initiative of the Department or upon application therefor made within six months after the date of such payment or over-payment."

It is well settled that where there is a statute dealing with a subject in general terms and another statute dealing with a part of the same subject in a more minute and definite way, the special statute will be considered as an exception to, or qualification of, the general statute and given effect. *Smith v. South Carolina State High-*

*way Commission*, 138 S. C. 374, 136 S. E. 487; *Murray v. Sovereign Camp, W. O. W.*, 192 S. C. 101, 5 S. E. (2d) 560; *Spartanburg County v. Pace*, 204 S. C. 322, 29 S. E. (2d) 333; *South Carolina Electric & Gas Co. v. South Carolina Public Service Authority*, 215 S. C. 193, 54 S. E. (2d) 777.

We think Section 46-50 provides an exclusive remedy for obtaining a refund of excessive license fees collected by the Highway Department. Plaintiff did not make application thereunder but brought suit. The Court below held that consent to be sued in a case of this kind may be fairly implied from this legislation. We need not decide what remedy is available if the Highway Department arbitrarily or without just cause refuses an application for a refund of fees improperly collected. It is sufficient to say that no kind of action may be maintained unless application has been made and refused. The wisdom of this is illustrated by the situation now presented. It is estimated in the brief of the Attorney General that the Department has collected postage charges from approximately 400,000 persons who purchased their license tags "over the counter." If plaintiff may maintain an action to recover postage charges paid by him, a similar action could be brought by each of these numerous purchasers, notwithstanding the fact that it was stated in oral argument and not denied, that the Department was entirely agreeable to making a refund to all who made timely application and established the fact that they did not purchase their license tags by mail. Indeed, it was stated in oral argument that on several occasions the Department had tendered to plaintiff the 60¢ which he now claims.

"The state has a right to lay down any condition, however hard or arbitrary, it may choose, with which its creditors must comply as a condition of payment of their demands. No court has a right to abate one jot or tittle of such condition." *State ex rel. Lyon v. State Dispensary Commission*, 79 S. C. 316, 60 S. E. 928, 934. Under Section 46-50 it is a condition to the right of a refund that

application be made therefor "within six months after the date of such payment or over-payment." This requirement is in the nature of a condition precedent.

Of close analogy are statutes in some jurisdictions to the effect that before suit may be brought against the State, a claim must be presented to and refused by the state auditor. The courts have construed this requirement as a condition precedent to bringing an action. *Goodhope v. State*, 50 S. D. 643, 211 N. W. 451; *Lyman County v. State*, 11 S. D. 391, 78 N. W. 17; *Peterson v. State*, 113 Neb. 546, 203 N. W. 1002. Also, see *Chicago, M. & St. P. Ry. Co. v. State*, 53 Wis. 509, 10 N. W. 560. In *Goodhope v. State, supra* [50 S. D. 643, 211 N. W. 453], the Court said:

"There is no allegation in the complaint that the claim was presented to the state auditor, nor that such officer has refused to allow it. Plaintiff urges that the law does not require the performance of idle acts, and that it would be an idle act to present the claim to the state auditor, after its rejection by the board of charities and corrections.

"It was for the Legislature to specify the conditions under which an action might be brought against the state. It has specified, as a condition precedent to the bringing of an action under said section 2109, that the allowance of the claim must have been refused by the state auditor. *Lyman County v. State*, 9 S. D. 413, 69 N. W. 601. Under such circumstances, it is not for this court to say that the presentation of the claim to the state auditor would have been an idle act. The condition precedant specified by the Legislature must have been complied with in order to authorize the bringing of this action in this court under said section 2109."

Attention is called by counsel to the fact that the unlawful postage charges were collected on October 29, 1954, and this action instituted on November 17, 1954, and it is argued that under the authority of *Rushton v. South Carolina State Highway Department*, 207 S. C. 112, 34 S. E.

(2d) 484, 486, the filing of the complaint was a sufficient compliance with the requirement that application for the refund be made within six months. In the *Rushton case* the Court had under consideration a statute which in effect provided that before any suit for personal injury or damage to property could be brought against the Highway Department, a claim giving the time, place of the injury and the amount of damage must be filed with the Department within 180 days after the alleged injury or damage. The Court said that the object of this requirement was to enable the Highway Department to make the necessary investigation "when the facts are fresh and evidence may be preserved," and that its purpose was accomplished by the service of a sworn complaint within the period prescribed. It was accordingly held that where the complaint was served on the Department within 180 days, it was not subject to demurrer because of the failure to file the claim. We do not think these considerations apply here. Section 46-50 provides a simple method by which the Highway Department may remedy an error made in the collection of license fees and certainly does not contemplate that suit may be brought without giving it an opportunity of doing so.

We, therefore, conclude that the plaintiff cannot maintain this action and the demurrer should have been sustained on this ground. This makes it unnecessary to determine whether a class action could be maintained. However, we have no hesitancy in saying that it could not. *Earle v. Webb,* 182 S. C. 175, 188 S. E. 798.

The order under appeal is reversed and the case dismissed.

STUKES, TAYLOR and LEGGE, JJ., and T. B. GRENEKER. A. A. J., concur.