21395

GENERAL SUPPLIES, INC., in behalf of itself and all other parties similarly situated and circumstanced, Appellant, v. SOUTHWIRE COMPANY, American Insulated Wire Corp., Cyprus Wire & Cable Co., and Triangle PWC, Inc. (Appeal is only against Cyprus Wire & Cable Co.), Respondents. GENERAL SUPPLIES, INC., in behalf of itself and all other parties similarly situated and circumstanced, Appellant, v. SOUTHWIRE COMPANY, American Insulated Wire Corp., Cyprus Wire & Cable Co., and Triangle PWC, Inc. (Appeal against all except Cyprus Wire & Cable Co.), Respondents. (two cases)

(275 S. E. (2d) 579)

*Robert L. Stoddard, Wesley A. Stoddard* and *George H. Wood, Moore, Stoddard & Stoddard,* Spartanburg, *for appellant;* of counsel *I. Walton Bader, Bader & Bader,* White Plains, N. Y.

*Donald L. Ferguson, Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *Horace L. Bomar, Louis P. Howell,* and *T. Sam Means,* Spartanburg, *for respondents.*

February 23, 1981.

HARWELL, Justice.

General Supplies, Inc. instituted these actions against Southwire Company, American Insulated Wire Corp., Cyprus Wire and Cable Co. and Triangle PWC, Inc., alleging that they had combined for purposes in contravention of the State Antitrust Law, Section 39-3-10, Code of Laws of South Carolina (1976). Then, pursuant to Section 39-3-30, damages are sought for sales consummated during the time of the alleged combination. Demurrers by the defendants were sustained. We affirm.

The first complaint is postured as a class action brought pursuant to Section 15-5-50 of the Code. The action is alleged to be brought on behalf of direct and indirect purchasers of copper building wire for the period from October of 1974 to November of 1978. The defendants are said to have engaged in arrangements, contracts, agreements or conspiracies that lessened or affected full and free competition in the prices of copper building wire shipped into the State. This is alleged to have occurred when the defendants disclosed to each other the prices charged or quoted and the discounts offered or to be offered to purchasers, as well as other information relative to pricing.

The class in whose behalf the action is brought is defined to include all direct and indirect purchasers of the building wire within South Carolina during the time of the alleged combination and whose claims do not exceed $10,000. General Supplies further alleges that it purchased wire from Southwire during the critical period and states that its damages do not exceed $10,000.

All of the defendants demurred to the complaint alleging, inter alia, that a class action under the facts as alleged is improper since the recovery sought among the class members is not common and since there is no prior legal or organiza-

tional bond among the class members. The trial court heard Cyprus's demurrer and sustained it, concluding that the antitrust remedy at Section 39-3-30 is personal to the damaged party and that Section 15-5-50 is, therefore, inapplicable and unavailable to a party suing under the antitrust provisions. General Supplies appealed.

Prior to the hearing and ruling on the demurrers by the remaining defendants to the original complaint, General Supplies served them with an amended complaint which is also postured as a class action. The amended complaint is apparently an attempt to cure defects perceived during the hearing of the first demurrer. General Supplies expresses an intent to have a "common fund" created from the damages awarded which is to be administered by the trial court for the benefit of the class members. The class is limited to direct purchasers, specifically electrical wholesalers and retail outlets. Additionally, the amended complaint emphasizes that the suit involves questions of law and fact common to all class members and that the purchase price damages sought would be common to all as well.

Southwire demurred to the amended complaint alleging, *inter alia,* that no prior legal or organizational bond or damages *in solido* or previously existing common fund sufficient to support a class action is shown by the allegations.

At the hearing before the trial judge, it was agreed and stipulated between counsel that the demurrers of American Insulated Wire and Triangle to the original complaint would also apply to the amended complaint and that the demurrer of Southwire to the amended complaint was adopted by American Insulated Wire and Triangle.

The trial judge sustained the demurrers to the original complaint and to the amended complaint for the reasons set forth in his prior order sustaining the demurrer by Cyprus. General Supplies again appealed.

We thus have only one issue to deal with: Does Section 39-3-30 of the South Carolina antitrust legislation allow prosecution of these actions as class actions? We conclude it does not.

Section 39-3-10 simply provides that arrangements, contracts, agreements, trusts and combinations adversely affecting competition or price within the State are against public policy, unlawful and void. Section 39-3-30 then allows a party injured by any violation of the antitrust provision to recover as damages:

". . . in any court of competent jurisdiction in this State, from any person operating such trust or combination, *the full consideration or sum paid by him* for any goods, wares, merchandise or articles the sale of which is controlled by such combination or trust." [Emphasis added.]

Section 39-3-30 provides a remedy at law which is personal to the injured party. Though this is the first time we have been called upon to construe the statute as it relates to the class action statute, we note that the general rule as developed by case law in the State is to the effect that actions at law for personal remedies may not be brought as class actions. This Court has held that in tort actions it is improper for several plaintiffs to sue jointly unless they have suffered joint injuries resulting in damages *in solido*. *Ryder v. Jefferson Hotel Co.*, 121 S. C. 72, 113 S. E. 474 (1922); *Long v. Seabrook*, 260 S. C. 562, 197 S. E. (2d) 659 (1973). In *Newberry Mills, Inc. v. Dawkins*, 259 S. C. 7, 190 S. E. (2d) 503 (1972), we upheld the finding by the trial court that an action brought to recover taxes paid under protest, though styled as a class action, was in essence an action at law for a monetary recovery and, therefore, was not a class action. In *Wilder v. South Carolina State Highway Department*, 228 S. C. 448, 90 S. E. (2d) 635 (1955), we found the class action inappropriate in an action to recover postage charges for license plates paid for directly.

We conclude that the trial judge properly sustained the demurrers to these actions brought as class actions. Absent a statutory direction to the contrary, the personal remedy provided for at Section 39-3-30 may not be sought through a class suit. We remand the actions, however, to allow General Supplies to amend its complaints in order to bring its individual action.

Affirmed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.